## *In re* McArthur's Will.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. Appeal—Harmless Error—Rulings on Evidence.
   Where a witness testifying as to the capacity of testator to make a will is allowed to state all that she knew or observed in relation to both the mental and physical capacity of testator, and that she did not think that he was in his right mind, error cannot be predicated on the refusal of the surrogate to allow her to give her opinion as an expert as to testator's condition to do business at the time.

2. SAME.
>Error cannot be predicated on the exclusion of evidence, where other evidence of the same fact is admitted, and the fact is found as claimed by the party offering the evidence.

3. WITNESS—TRANSACTIONS WITH DECEDENTS.
>Testimony as to the appearance of a testator, as indicating his incompetency to make a will, observed by an interested witness, is within Code Civil Proc. N. Y. § 829, forbidding a person interested in the result of a proceeding to testify as to personal transactions with a decedent, from whom he derives his interest.

Appeal from surrogate's court, Tompkins county.

Application for the probate of the will of Ebenezer McArthur, deceased. Probate was granted, and John McArthur appeals. Code Civil Proc. N. Y. § 829, is as follows: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator, or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee, or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication. A person shall not be deemed interested for the purposes of this section by reason of being a stockholder or officer of any banking corporation which is a party to the action or proceeding, or interested in the event thereof."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*A. P. Smith,* for appellant. *George B. Davis,* for respondents.

MARTIN, J. The learned surrogate before whom this proceeding was instituted has found that the last will and testament of the testator, which was admitted to probate, was duly and properly executed; that the testator was at the time of its execution in all respects competent to make a last will and testament of real and personal property; and that he acted freely, and without undue influence or restraint, in making it. A careful examination of the proceedings, as disclosed in the appeal-book, has led us to the conclusion that these findings are fully sustained, and in accordance with the weight of the evidence given on the trial, and that the decree appealed from should be affirmed, unless there was some error in the admission or rejection of evidence which requires a reversal.

The appellant contends that the court erred in excluding the evidence of Mrs. E. B. Jones as to the capacity of the testator to do business on the day before the will was executed. The claim is that she was qualified as an expert, and her opinion as such should have been received. The question of the competency of Mrs. Jones was in this case a question of fact, to be determined by the surrogate. He held that she was incompetent to give an opinion, but permitted her to state very fully all she knew or observed in relation both to the mental and physical capacity of the testator. Indeed, she was permitted to go further, and state that she did not think he was in his right mind. We do not think the refusal of the surrogate to permit her to testify further, and give her opinion as to his condition to do business on that day, was error which requires us to disturb the decree in this case. *In re Arnold,* 14 Hun, 525. Nor do we think that the decree should be reversed because the surrogate excluded the contestant's offer to prove by the witness Goodrich the signatures of the testator to the will of 1878 and codicil of 1885, or in

excluding such will and codicil. If we assume that the evidence was admissible, and that the surrogate erred in rejecting it, (which we do not decide,) still the error was a harmless one, as the signature to both the will and codicil were subsequently proved by another witness, and they were received in evidence. Moreover, the surrogate has found that such will and codicil were made as claimed by the contestant.

On the trial the contestant offered to prove by John McArthur the appearance of the testator on the Wednesday before the will was made, when he saw him, and had a personal interview with him. This witness was an heir at law, and the contestant in the proceeding before the surrogate. The surrogate excluded the evidence. The manifest purpose of this evidence was to show that the appearance of the testator was such as to indicate his incompetency to make the will in question. In *Holcomb* v. *Holcomb*, 95 N. Y. 316, 325, it was held that evidence of the appearance of a decedent, and that he did not speak, was within the prohibition of section 829. In that case the court said: "Transactions and communications embrace every variety of affairs which can form the subject of negotiations, interviews, or communications between two persons, and include every method by which one person can derive impressions or information from the conduct, condition, or language of another." In *Re Eysaman's Will*, 113 N. Y. 62, 72, 20 N. E. Rep. 613, it was held that testimony as to the acts and condition of the testator, observed by an interested witness, tending to show mental capacity, was within the prohibition of the statute, and inadmissible. We think the ruling of the learned surrogate was within the spirit of the statute and the principle of the cases cited.

We find no other exceptions that require special consideration, or that would justify a reversal of the decree appealed from. It therefore follows that the decree should be affirmed. Decree affirmed, with costs.

MERWIN, J., concurred.

HARDIN, P. J., (*concurring.*) Since the decision made by this court of *Steele* v. *Ward*, 30 Hun, 555, the court of appeals has passed upon the question involved in that case in *Re Eysaman's Will*, 113 N. Y. 62, 20 N. E. Rep. 613, and the foregoing opinion of MARTIN, J., accords with the rule as laid down in the *Eysaman Case*, and therefore I join in it, and vote to affirm.